IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   Criminal No. 21-300 |
| RANDY FRASINELLI, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Presently before the Court is Defendant Randy Frasinelli's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), which is opposed by the Government. (Docket Nos. 125, 127, 132). After careful consideration of the parties' arguments in light of the prevailing legal standards, Defendant's Motion will be denied because he is not eligible for the relief he seeks.

**I.     BACKGROUND**

Pursuant to a plea agreement, on August 16, 2022, Defendant pled guilty to Counts Five and Seven of the Indictment in this case charging him with bank fraud and money laundering, in violation of 18 U.S.C. §§ 1344(2) and § 1957(a), respectively. (Docket Nos. 84-1, 86). Following disclosure of the Presentence Investigation Report ("PIR"), the Court issued its Tentative Findings and Rulings wherein it overruled Defendant's objection to the assignment of one criminal history point for his harassment conviction set forth in ¶ 35 of the PIR. (Docket No. 109 at 3-6). As a result, the Court determined that Defendant had a criminal history score of 1, which resulted in a criminal history category of I. (*Id.* at 6, 8). Further, in calculating the advisory guideline range, the Court determined that Defendant's total offense level was 26. (*Id.*

at 7). Based on those findings, Defendant's advisory guideline range was 63 to 78 months' imprisonment. (*Id.* at 8). However, based on evidence presented by the Government at the sentencing hearing held on March 29, 2023, the Court found that Defendant forfeited the 2-level reduction for acceptance of responsibility. (Docket No. 119). Consequently, the Court recalculated the advisory guideline range without the 2-level reduction, which resulted in a total offense level of 28, and with a criminal history category of I, produced an advisory guideline range of 78 to 97 months' imprisonment.

At sentencing, Defendant moved for a downward variance, whereas the Government advocated that the Court should impose a sentence within the advisory guideline range. (Docket Nos. 108, 110, 111, 119). Ultimately, the Court denied Defendant's motion for a downward variance, and sentenced him to 78 months' imprisonment followed by a 5-year term of supervised released. (Docket Nos. 119, 122). He was also ordered to pay restitution in the amount of $3,885,082 and a $200 special assessment. (*Id.*). The Court explained why the sentence adequately addressed the nature and circumstances of Defendant's offenses, as well as his history and background, and that it was sufficient, but not greater than necessary, to meet the goals of sentencing under the factors in 18 U.S.C. § 3553(a). To that end, the Court commented on the serious nature of Defendant's criminal conduct in defrauding the Paycheck Protection Program ("PPP"), which was created to authorize forgivable loans to small businesses so that they could maintain payroll and retain workers during the Covid-19 pandemic. To briefly summarize, Defendant fraudulently obtained PPP loans and received a total of $3,885,082. Instead of using the funds for legitimate business expenses as represented on the loan applications, Defendant spent the PPP money on items for himself and his family.

The Court also considered Defendant's personal history and characteristics, including

that his criminal history consisted of one prior harassment conviction. Among other matters related to Defendant's history and background, the Court considered his age and his mental health history, as well as his post-offense conduct, which included submitting forged character letters to the Court at sentencing.

Additionally, the Court explained that the 78-month sentence of imprisonment was appropriate considering the kinds of sentences available, the advisory guideline range, the need to avoid sentencing disparities, and the need to provide restitution to the victims of Defendant's offenses. Finally, the Court explained that the sentence imposed reflects the seriousness of the offenses, promotes respect for the law, provides just punishment for the offenses, serves the interest of protecting the public from further crimes of Defendant, and meets the goals of first and third-party deterrence.

As noted, Defendant now moves for a sentence reduction based on Amendment 821 to the Guidelines, which the Sentencing Commission determined applies retroactively. (Docket Nos. 125, 127). As Defendant points out, newly created Guideline § 4C1.1 provides for a two-level decrease from the offense level for certain offenders who did not receive any criminal history points. (Docket No. 127 at 2). Defendant submits that he is eligible for relief under Amendment 821, claiming that "[h]is Criminal History Category was determined to be Category I with 0 Criminal History Points." (*Id.*). As a result of the two-level decrease that he claims applies, Defendant's total offense level is reduced from 28 to 26. (*Id.*). Based on a total offense level of 26, and a criminal history category of I, the advisory guideline range is 63 to 78 months' imprisonment, instead of 78 to 97 months as previously computed. (*Id.*). Consequently, Defendant requests that the Court reduce his sentence from 78 months' imprisonment to 63 months. (*Id.* at 3). Defendant contends that a sentence reduction is consistent with the

applicable policy statement in Guideline § 1B1.10 and the relevant factors under 18 U.S.C. § 3553(a).  (*Id.* at 2-3).  In support, Defendant submits that he has completed various Adult Continuing Education ("ACE") classes while in federal custody, he is registered for additional ACE classes, he has been asked to teach the "Planning for Re-entry" class, and he has been accepted into a program to earn a degree in Christian counseling through the International Christian College and Seminary.  (Docket No. 127-1, ¶¶ 1-5 ).  He has also been employed in the facility's education department since shortly after his arrival there.  (*Id.*, ¶ 7).

The Government opposes Defendant's Motion, noting that he is not a zero-point offender because he received one criminal history point for the prior harassment conviction, thus he is not eligible for relief under Amendment 821.  (Docket No. 132 at 3).  Moreover, even if Defendant was eligible, the Government submits that a sentence reduction would not be appropriate under the § 3553(a) factors.  (*Id.*).

After considering the parties' respective positions set forth in the briefing and reviewing the record, the Court concludes that Defendant is not eligible for a sentence reduction.  Even if Defendant was eligible, the Court would decline to exercise its discretion to reduce his sentence for the reasons explained below.

II.     **LEGAL STANDARD**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."  *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see Dillon v. United States,* 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.' ") (quoting 18 U.S.C. § 3582(c)(2)). However, § 3582(c)(2) allows for a reduction in the case of a defendant whose sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission,"

if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Dillon*, 560 U.S. at 825 (observing that § 3582(c)(2) gives courts the power to reduce or modify an otherwise final sentence in circumstances specified by the Sentencing Commission). The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B.10 of the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(a)(1). Additionally, in determining whether a reduction is warranted, § 3582(c)(2) directs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

To summarize, a district court must engage in a two-step inquiry to determine whether a sentence reduction is warranted under § 3582(c)(2). *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. To that end, Guideline § 1B1.10(b)(1) requires the court to " 'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing . . . 'leav[ing] all other guideline application decisions unaffected.' " *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Next, "[a]t step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[1] *Id.*; *see also*

---

[1] Given that § 3582(c)(2) proceedings are limited in nature, § 1B1.10(b)(2) "confines the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. Accordingly, a court "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)). "Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

U.S.S.G. § 1B1.10, Application Note 1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. . . .").

### III.   ANALYSIS

The Court now turns to the two-step inquiry to determine whether a sentence reduction is warranted here. At the first step, Defendant is not eligible for a sentence modification under Amendment 821 because he does not meet the criteria of newly created Guideline § 4C1.1, which provides for a two-level decrease to the offense level for a zero-point offender who meets all the criteria of Guideline §§ 4C1.1(a)(1) - (a)(10). *See* U.S.S.G. § 4C1.1(a) ("If the defendant meets all of the [listed] criteria[2] … decrease the offense level determined under Chapters Two and Three by 2 levels."). As discussed, Defendant has one criminal history point for the harassment conviction described in ¶ 35 of the PIR. (Docket Nos. 89, ¶ 35; 109 at 3-6). Consequently, he is not a zero-point offender, and he is not eligible for relief under Amendment 821.

Even if Defendant was eligible for relief, at step two, the Court would decline to exercise its discretion to reduce his sentence because consideration of the applicable § 3553(a) factors would compel the conclusion that a reduction is not warranted under the circumstances. *See Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10, Application Note 1(B)(i). To summarize, Defendant

---

[2] The listed criteria include the following: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. U.S.S.G. §§ 4C1.1(a)(1) – (a)(10).

submitted fraudulent PPP loan applications and obtained loans in the total amount of $3,885,082. Submitting the applications and the required supporting documentation took time, attention, and calculation – the applications were not the result of impulsivity or a momentary lapse of judgment. Quite simply, Defendant's conduct was not a one-off event. As such, the sentence imposed remains necessary and appropriate to reflect the nature, circumstances, and seriousness of the offenses, to promote respect for the law, to adequately deter Defendant from engaging in additional criminal conduct, and to deter third parties who may be inclined to engage in similar fraudulent conduct. *See* 18 U.S.C. §§ 3553(a)(1); 3553(a)(2)(A)-(B). Each of these factors previously discussed by the Court would remain relevant and would counsel against granting the sentence reduction Defendant now seeks.

In determining whether to exercise its discretion, the Court would also consider Defendant's risk to public safety and his post-sentencing conduct. *See* U.S.S.G. 1B1.10, Application Note 1(B)(ii), (iii) (specifying that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[,]" and "[t]he court may consider [the defendant's] post-sentencing conduct" in determining whether a reduction is warranted). Both considerations also would weigh against a sentence reduction. First, Defendant's contention that he now would be unable to commit the offenses of conviction because the PPP loan program is no longer available, (*see* Docket No. 127 at 3), does not ameliorate his danger to the community. Whether or not the PPP loan program still exists is irrelevant. What is relevant is Defendant's repeated instances of fraudulent conduct, which demonstrate that he presents a risk of danger to unsuspecting members of the community and the public at large. *See United States v. Giampa*, 904 F. Supp. 235, 358 (D.N.J. 1995) ("When assessing danger to the community,

danger may, at least in some cases, encompass pecuniary or economic harm.") (internal quotation marks and citation omitted); *United States v. Patel*, Crim. No. 20-mj-14001, 2020 WL 1698785, at *7 (D.N.J. Apr. 8, 2020) (recognizing that a defendant who engaged in non-violent fraud offenses nonetheless presented a danger to the public given risk that he could resume fraudulent activity).  Finally, although Defendant has engaged in laudable post-sentencing conduct, including completing ACE classes, working toward a degree in Christian counseling and maintaining employment at his institution, the Court does not believe that this factor would warrant the sentence reduction he seeks considering the relevant § 3553(a) discussed herein. *See Pepper v. United States*, 562 U.S. 476, 505 n.17 (2011) ("Of course, we do not mean to imply that a district court must reduce a defendant's sentence upon any showing of postsentencing rehabilitation.").

### IV. CONCLUSION

In summary, Defendant is not eligible for a sentence modification under Amendment 821 because he has one criminal history point and therefore is not a zero-point offender under Guideline § 4C1.1(a).  Even if Defendant was eligible for a reduction, the Court would decline to exercise its discretion to reduce his sentence because the 78-month term of imprisonment imposed remains sufficient, but not greater than necessary, to meet the goals of sentencing for the reasons discussed herein.  Accordingly, Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Docket No. 125), is DENIED.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:   April 15, 2024

cc/ecf:   All counsel of record

   Randy Frasinelli (via U.S. mail)
   Reg. No. 39951-509
   FCI Elkton
   Federal Correctional Institution
   P.O. Box 10
   Lisbon, OH   44432